```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF TEXAS
                   FORT WORTH DIVISION

UNITED STATES OF AMERICA         §
                                 §
VS.                              §  CRIMINAL NO. 4:14-CR-151-Y
                                 §
JESUS LEDEZMA-CEPEDA (1)         §
JESUS LEDEZMA-CAMPANO (2)        §
JOSE CEPEDA-CORTES (3)           §
```

**THIRD AMENDED SCHEDULING AND PRETRIAL ORDER FOR CRIMINAL TRIAL**

In accordance with the order issued this same day, the Court imposes the following deadlines to ensure the case is expeditiously prepared for trial:

1. This cause is set for jury trial at **10:00 a.m.** on **Monday, April 25, 2016.**

2. All future submissions in this cause must contain the defendant-number, as reflected above, in the style of the cause. Persistent failure to include the defendant-number on future pleadings may result in the striking of the deficient pleading.

3. All information required to be produced to the defense pursuant to Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), and their progeny must be produced no later than **Friday, March 4**. If any such information is obtained by the government after this deadline, it must be produced to the defense within a reasonable time, with any doubts regarding the timeliness of production being resolved in favor of the defense.

4. All discovery in this cause must be completed no later than **Friday, March 11**. Absent compelling reasons, any evidence for which production or disclosure was timely requested pursuant to and required by Federal Rule of Criminal Procedure 16 but which was not disclosed prior to this deadline will not be admitted at trial.

5. Defendants must not file any motion for, or to compel, discovery, disclosure, or production unless (i) the defendant desiring to file such a motion has first made written request of the government for the desired discovery, disclosure, or production, which written request must have specified a time and date prior to the motions deadline when discovery, disclosure, or production, as applicable, of the items was desired in the Fort Worth office of the United States

Attorney, and (ii) the government has failed to comply with the request.  The government must respond, either orally or in writing, to any request made in accordance with this paragraph within five (5) government working days of receiving same.  The government must indicate either that the discovery will be allowed or the disclosure or production will be made as requested or that the request or portions thereof are objectionable, in which case the government must briefly state the legal bases for the government's objections.  Lack of actual possession of an item by the government must not be a reason for nonproduction or untimely production if the government can obtain possession of the original or a copy of the item upon request.  If the government does not comply with a defendant's request, the aggrieved defendant may file a motion to compel, or for discovery or disclosure, which motion must be filed by the deadline for pretrial motions established by this order.  Any such motion must be accompanied by copies of any pertinent requests that were previously served by the movant and verification as to service of each such request and the results of the efforts to obtain the desired discovery, disclosure, or production pursuant to each such request.

      6.    Except as otherwise required herein, all pretrial motions must be filed no later than **Monday, March 14**.

      7.    The government must file a response to every defendant's pretrial motion that is not ruled on before the government's response to the motion is due.  The government's response must indicate whether it is opposed to the motion and, if the motion is opposed, must include argument and authority in support of the government's opposition.  The government's response to any pretrial motion filed by a defendant must be filed within fourteen (14) days after the motion is filed.  *See* N.D. Tex. Crim. R. 47.1(e).

      8.    Defendants must file a response to any pretrial motion filed by the government within fourteen (14) days after receipt of such motion.  *See* N.D. Tex. Crim. R. 47.1(e).

      9.    Reply briefs are not permitted without leave of Court.  *See* N.D. Tex. Crim. R. 47.1(f).

      10.    Before a party files a motion for continuance, he must confer with counsel for **all** other parties **(including co-defendants)** concerning what dates each cannot be available for trial over the ensuing ninety-day period.  The party's motion for continuance must then set out those dates.

      11.    Notwithstanding the provisions of other parts of this order, each party must file a response in writing to any motion for continuance the day following receipt of such motion.  Because a

substantial continuance of the trial date in this cause has already been granted, any future motion for continuance will be strictly scrutinized and, absent a compelling showing, will be denied.

12. All briefs filed with the Court must comply with the most recent edition of The Bluebook, A Uniform System of Citation. Particularly, counsel are directed to provide, where applicable, the subsections of cited statutes, and to provide pinpoint citations when citing cases, i.e., provide the page where the stated legal proposition can be found. See Bluebook Rules 3.2(a) & 3.3(a) (Colum. L. Rev. et al. eds., 2015) (regarding pinpoint citations and subsections, respectively). Furthermore, if a brief contains cites to unpublished opinions or to LEXIS, counsel must attach copies of those cases to the brief.

13. Pursuant to Local Criminal Rule 47.1(a), certificates of conference must address **all** parties, **including co-defendants**, affected by the requested relief.

14. The government must file a written designation of its expert witnesses, if any, no later than **Tuesday, February 23**. Each defendant must file a written designation of his expert witnesses, if any, no later than **Friday, March 4.** Any person, including especially law-enforcement officers, who will be asked questions regarding the meaning of words or phrases used in an illegal trade or business or other questions arguably requiring the opinions of an expert are covered by this paragraph. Each designation must contain a brief statement of the subject matter to be covered by each expert witness. Any motions challenging these designations, including challenges under Fed. R. Evid. 702, must be filed by the deadline for filing pretrial motions established in this order.

15. Northern District of Texas Local Rule 16.1(a) notwithstanding, a set of copies of all copyable exhibits that a party intends to offer at trial, except those offered solely for impeachment, must be bound in three-ring binders and **exchanged** with all other parties no later than **Thursday, April 21,** and a like set delivered to the courtroom **at the time of jury selection**.

16. Each exhibit must be labeled prior to trial by a gummed label containing the identity of the offering party, the exhibit number, and the cause number.

17. Northern District of Texas Local Rule 16.2(b) notwithstanding, the parties must file with the clerk and **deliver** to all other parties and the court reporter, separate lists of exhibits and witnesses, except those offered solely for impeachment, no later than

**Tuesday, April 19.**[1]  The witness lists to be filed by the parties must list all witnesses, including timely designated expert witnesses, the party may call at trial and contain a brief statement of the subject matter to be covered by each witness.  Each party's exhibit list must be in the same format as the Court's sample exhibit list, which is attached as Exhibit A to this order.

      18.  No exceptions to the requirements of paragraphs 15, 16, and 17 will be allowed.  Thus, any party failing to comply with those requirements will not be permitted to present undisclosed witnesses or unexchanged or undisclosed exhibits.

      19.  The government must file a proposed jury charge and verdict form with the clerk of the Court and serve them on opposing counsel no later than **Tuesday, April 21**.  The proposed charge must have attached to it the following certification:

> I,  (name of Ass't. U.S. Atty.) , certify that I have carefully read the foregoing proposed charge of the Court and that it is, to the best of my knowledge and ability, free of error both in form and substance.
>
> _____    _____
> Date                              Signature of attorney

Any objections, proposed additions, or proposed substitutions to the government's proposed jury charge and verdict form must be filed with the clerk of the Court and served on opposing counsel no later than **Monday, April 25**.  If supplemental instructions become necessary due to the nature of the evidence produced during trial, they must be filed and served as soon as reasonably possible after the necessity of the supplemental instructions becomes apparent.  If objections, proposed additions, or proposed substitutions to the government's charges and verdict forms are filed and served in a timely manner, counsel for all parties must meet prior to or immediately after the close of the government's case in an attempt to resolve their differences regarding the charge and verdict form.  During this meeting, the parties must compile a conformed jury charge and verdict form that incorporates all agreements reached by the parties.  For any portion of the conformed charge and verdict form about which

---

[1] No additions or substitutions to these lists may be made after the deadline without leave of Court.  Additionally, if a party desires to make additions or substitutions to these lists after they are filed with the clerk, the party should file an amended list that entirely supercedes the original list, rather than simply filing a supplemental list naming only the additions and/or substitutions.

disagreement remains at the conclusion of the meeting, those portions that are requested by the government and objected to by the defense must be **underlined**, and those portions that are requested by the defense and objected to by the government must be in **boldface**. The parties' conformed charge and verdict form must be filed with the clerk of the Court as soon as possible after the conclusion of the parties' meeting. The government must bring a computer diskette (use only Courier New 12 pitch and, if at all possible, WordPerfect) containing the parties' conformed charge and verdict form to the Court's briefing attorney at the charge conference.

20.   The Court will **attempt** to obtain the electronic courtroom on the second floor for this trial. Because that courtroom is equipped with computer monitors for all parties, the witness, the jury, and the judge, exhibits may be displayed on all or some of the monitors by document camera, VCR, or computer. Contact Edmund Dieth at 817-850-6613 prior to any hearing or trial to arrange to schedule training and use of the electronic equipment. The Court can no longer guarantee use of the electronic courtroom, however, so counsel should be prepared for the possibility of a non-electronic courtroom as well. If any additional equipment, such as laptops, are needed, the court coordinator, Carmen Bush, telephone number 817-850-6673, must be notified prior to trial to make arrangements with court security. Transcription and recording devices, except those employed by the Court's official reporter, are not permitted.

21.   Voir dire in this cause will be conducted initially by the Court, with each attorney for defendant being allotted ten (10) minutes for supplementary voir dire and the government being allotted fifteen (15) minutes of supplementary voir dire for each defendant on trial at the commencement of voir dire.

22.   Jurors will be permitted to take notes during trial. The Court will issue preliminary instructions to the jurors containing appropriate warnings and instructions.

23.   Peremptory challenges will be awarded as specified in Federal Rule of Criminal Procedure 24(b)(2); that is, the government will be allowed 6 and the defendants will be allowed 10 peremptory challenges. The defendants may exercise their peremptory challenges jointly.

24.   In addition to the peremptory challenges afforded the defendants under the Federal Rules of Criminal Procedure, one (1) additional peremptory challenge will be awarded to each defendant,

provided that each defendant agrees that in addition to the peremptory challenges afforded it under the rules, the government may be awarded one (1) additional peremptory challenge for each two (2) additional challenges awarded the defendants.

    25.   Four (4) alternate jurors will be chosen upon the exercise of two (2) peremptory challenges by each side against the potential alternate jurors.

    26.   Each member of the jury, including the alternates, will be given a copy of the seating chart that will be used for the parties and their counsel and a copy of the indictment.  Additionally, each jury member will be given a list of each count being tried and the defendants charged in that count, and another list of each defendant being tried and the count(s) with which he is charged.

    27.   Opening statements by each defendant will be limited to fifteen (15) minutes.  The opening statement of the government must not exceed sixty (60) minutes.

    28.   Defense counsel must elect and designate one of their number as "lead" counsel for the purpose of announcing peremptory challenges during jury selection and to otherwise act as liaison in dealing with government counsel or the Court during trial. This designation must be filed with the clerk of the Court no later than **Tuesday, April 19**.

    29.   No later than **Tuesday, April 19**, defense counsel must file with the clerk of the court a designation signed by counsel for each defendant as to the sequence in which they wish to be recognized at trial for the purposes of opening statements, cross-examination of witnesses, presentation of witnesses peculiar to the defense of one or several defendants, and closing argument.  In the absence of such a designation, the defendants will be recognized in the order in which they are named in the indictment.  Superseding such designation must be any list of counsel provided the Court by "lead" defense counsel at the commencement of testimony each day which identifies those who desire to cross-examine a witness expected to testify that day and the sequence in which they wish to be called.

    30.   From and after the moment the case is called for trial, any objection, motion, or other application for relief made by any defense counsel orally or in writing will be deemed to be adopted

and joined in by every other defendant then on trial without announcement by counsel to that effect, and the rulings of the Court will be deemed applicable to each defendant being tried unless otherwise stated at the time the ruling is made. Accordingly, it will be regarded as unnecessary and improper for counsel to rise to "join in" an objection or motion. Rather, counsel should rise to be heard on an objection or motion already made only for the purpose of expressly opting-out of an objection or motion.

31. Counsel for the government must **deliver** to the Court and to defense counsel each evening (if not earlier) a list of witnesses he in good faith anticipates calling the next trial day. All Jencks Act material pertaining to each witness on the list must be delivered at the same time if it has not already been delivered pursuant to prior urgings of the Court. The Court strongly encourages the early production to defense counsel of any notes made by government agents regarding interviews with witnesses that the government expects to call to testify at trial. Also, at the close of each day's testimony, the government must proffer in writing, verbatim, any statements that it expects to introduce on the next trial day pursuant to the following:

    a. Fed. R. Evid. 801(d)(2)(A), to the extent that they involve potential Bruton problems; and

    b. Fed. R. Evid. 801(d)(2)(E).

The Court will hear objections thereto by defendants either at that time or prior to the commencement of testimony the following day.

32. No later than the commencement of testimony by a witness, the party calling the witness must present to the Court's courtroom deputy a recent photograph of the witness being called to testify at trial if the party expects to call ten (10) or more non-records-custodian witnesses during its case in chief. Photographs of records-custodian witnesses, however, are not required. Each photograph must have the name of the witness legibly printed on the back of the photograph. The photographs of all witnesses who actually testify at trial will be placed in a notebook and made available to the jury to assist it during its deliberations.

33. After the government closes its case, the parties must meet for the purpose of preparing an agreed index of all exhibits admitted into evidence during the course of the trial. As to each admitted

exhibit, the index shall contain the exhibit number, the name of the offering party, the name of the sponsoring witness, and a description of the exhibit. The exhibit index must be delivered to the courtroom deputy for delivery to the jury at the commencement of deliberations.

34. Each witness called to testify will be subject to the control of counsel who caused him to be served with a subpoena or secured his voluntary appearance.

35. At the time the government calls a witness to testify at trial, counsel for the government must state the count(s) of the indictment to which that particular witness's testimony will relate.

36. Except in the case of a testifying defendant or government case agent, the counsel who calls a witness must have no further discussions with that witness concerning any aspect of the case or his testimony after the witness has been tendered for cross-examination until such time as the witness has been tendered back for re-direct examination.

37. The parties must provide to each witness, no later than ten minutes prior to the commencement of the witness's testimony, a copy of Exhibit C to this order, which is entitled, "Instructions for Witnesses."

38. The parties are hereby put on notice that Judge Means will take the bench promptly at the appointed time for each session without waiting until the clerk or courtroom security officer has called the roll or otherwise ascertained the presence of all necessary parties. If tardiness becomes a problem, appropriate fines will be imposed.

39. Bench conferences will be kept to a minimum. Counsel must state the legal bases for their objections without elaboration or argument, unless invited.

40. Objections to exhibits and testimony may occasionally be met with the following procedure: admission of the exhibit or testimony with the understanding that the objection will be treated as a motion to strike, with a ruling on said motion expressly reserved to the end of the day's testimony when the matter may be fully discussed out of the hearing of the jury. An exhibit so treated will not be published to the jury until the motion to strike has been ruled

on.

    41.  **Except for good cause shown, examination of witnesses will be limited to direct, cross, and redirect.** Rule 611(b) of the Federal Rules of Evidence will be strictly enforced.

    42.  The government will be allowed **thirty-five (35)** hours to put on its case, including opening statement, cross-examination, and rebuttal. The defendants will be allowed **twenty-five (25)** hours to put on their case, including opening statement and cross-examination. The defendants may divide up and yield their time as they may agree and, failing agreement, the management of their time will be monitored by the Court. The Court must finish this case in the time allotted and believes the foregoing method preferable to the Court's micro-management of the number of witnesses and the content of their testimony.

    43.  The Court's allocation of trial time for the parties is, of course, subject to the requirements of fundamental fairness and due process. Any party who wishes to complain that the Court's limitation of its or his trial time violates its or his right to fundamental fairness or due process must be prepared, upon request, to demonstrate to the Court, by reasonably specific proffer, the testimony and/or exhibits that it or he has been prevented from presenting by reason of such limitation. Upon a finding by the Court that a party has used its or his allotted time wisely and nevertheless has been or will be denied fundamental fairness or due process by reason of the enforcement of the trial-time limitations, additional time will be granted to that party sufficient to meet the requirements of fundamental fairness or due process.

    44.  Despite the allocation of hours for trial, the Court will discourage repetitive examination of a witness, whether on cross or direct, and will strongly admonish or sanction any counsel who wastes the time of his colleagues, the Court, and the jury by failing to have witnesses present and prepared to testify; by hunting for or causing a witness to hunt for exhibits; by failing to have audio or video equipment tested, cued-up, and ready-to-go; by failing to be timely in attendance; by attempting to argue the case or make a speech to the jury during an objection; or in any other manner.

    45.  The parties must carefully observe the rules of courtroom decorum that is attached as Exhibit B to this order, which are in addition to the Federal Rules of Criminal Procedure and the Local

Rules of the Northern District of Texas.

46. **No later than Tuesday, April 19**, the parties must provide to the court reporter a copy of the party's witness list and a glossary of all terms likely to be uttered on the record during the trial that are technical, scientific, medical, or otherwise uncommon.

47. Entry into the spectator gallery of the courtroom will be permitted only before the call to order and during recesses. Anyone who leaves the gallery while Court is in session may not return until the Court declares a recess.

48. Any objections to the deadlines established by this order must be made in the form of a motion for extension of time filed with the clerk of Court prior to the expiration of the deadline for which objection exists. Any other objections to this order must be filed with the clerk of the Court no later than **Friday, February 12**.

49. A final pretrial conference will be held at **3:00 p.m.** on **Thursday, April 19** in the courtroom. Defendants' attorneys must be present at the pretrial conference, along with their clients.

SIGNED March 3, 2016.

_/s/ Terry R. Means_
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

```
                    IN THE UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF TEXAS
                             FORT WORTH DIVISION


UNITED STATES OF AMERICA                  §
                                          §
VS.                                       §    CRIMINAL NO. 4:13-CR-000-Y
                                          §
JOHN DOE          (1)                     §


                      DEFENDANT JOHN DOE'S EXHIBIT LIST
```

| EXHIBIT NUMBER | SPONSORING WITNESS | DESCRIPTION OF EXHIBIT | IDENTIFIED | OFFERED | ADMITTED |
|---|---|---|---|---|---|
| 1 | Jane Doe | Bill of Sale dtd 1/5/92 | _____ | _____ | _____ |
| 2 | Sally Doe | Contract dtd 1/9/92 | _____ | _____ | _____ |

                                                           EXHIBIT "A"

# COURTROOM DECORUM
## UNITED STATES DISTRICT COURT
### Northern District of Texas
### Honorable Terry R. Means, Presiding

(a)   The requirements stated herein are not all-inclusive, but are intended to emphasize and supplement the ethical obligations of counsel under the Code of Professional Responsibility, the Local Rules of the Northern District of Texas (LR 83.16-83.18, LCrR 53.1-53.3), and the time-honored customs of experienced trial counsel.

(b)   When appearing in this Court, all counsel (including, where applicable, all persons at counsel table) shall abide by the following, unless excused by the presiding judge:

   (1)   Stand as Court is opened, recessed, or adjourned.

   (2)   Stand when the jury enters or retires from the courtroom.

   (3)   Stand when addressing, or being addressed by, the Court.

   (4)   Stand at the lectern while examining any witness, except that counsel may approach the clerk's desk or the witness for purposes of handling or tendering exhibits.

   (5)   Stand at the lectern while making opening statements or closing arguments.

   (6)   Address all remarks to the Court, not to opposing counsel.

   (7)   Avoid disparaging personal remarks or acrimony toward opposing counsel and remain wholly detached from any ill-feeling between the litigants or witnesses.

   (8)   Refer to all persons, including witnesses, other counsel, and the parties by their surnames and not by their first or given names.

   (9)   Only one attorney for each party may examine or cross examine each witness. The attorney stating objections, if any, during direct examination will be the attorney recognized for cross examination.

   (10)   Any counsel who calls a witness shall have no further discussions with that witness concerning any aspect of the case or his testimony after the witness has been tendered for cross-examination until such time as the witness has been tendered back for re-direct examination.

   (11)   Request permission before approaching the bench.

   (12)   Any paper or exhibit not previously marked for identification must be marked before it is tendered to a witness for examination, and any exhibit offered in evidence must be handed to opposing counsel when offered.

   (13)   In making objections counsel must state only the legal grounds for the objection and must withhold further comment or argument unless elaboration is requested by the Court.

   (14)   When examining a witness, counsel may not repeat the answer given by the witness.

   (15)   Offers of, or requests for, a stipulation must be made privately, not within the hearing of the jury.

   (16)   In opening statements and in arguments to the jury, counsel may not express personal knowledge or opinion concerning any matter in issue (i.e., don't say "I think" or "I believe," etc.) and, may not read or purport to read from deposition or trial transcripts.

   (17)   Counsel must admonish all persons at counsel table that gestures, facial expressions, audible comments, or the like, as manifestations of approval or disapproval during the testimony of witnesses, or at any other time, are absolutely prohibited.

   (18)   No one, including especially attorneys, parties, and witnesses, may bring food or drink (except bottled water) into the courtroom, nor may they chew gum.

EXHIBIT "B"                                            [Revised 7-10-12]

INSTRUCTIONS FOR WITNESSES

1. Speak slowly and distinctly. Don't mumble. Enunciate clearly each word you speak. The courtroom is large and has a high ceiling, so it's hard to be heard at times.

2. The courtroom has a sound system, but if you get too close or too far away from the microphone, we may not be able to hear you. Listen to how you sound and adjust your distance from the microphone and the volume of your voice as needed to be clearly heard by everyone in the courtroom.

3. Don't let nervousness cause you to speak rapidly or fail to sound each syllable of your words. For example, if you were to say the word "syllable," say "SILL-uh-bull" not "SILL-bull." Or if the word is "officer," say "AW-fiss-ur," not "AWF-sur." Again, if the word is "composition," say all four syllables ("com-po-ZIH-shun"). Don't turn the word into a three-syllable word ("comp-ZIH-shun").

4. Let the attorney who is questioning you finish his question before you begin your answer.

5. Pause a second between the end of the attorney's questions and the beginning of your answers. This gives everyone a chance to think a little about what is being said.

6. If you hear an objection to a question, do not give an answer until the judge rules on the objection. If you are unsure of whether to begin your answer or if by then you don't remember the question, ask the judge to tell you what to do. He will gladly help you.

EXHIBIT "C"