IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | |
| JESUS GERARDO LEDEZMA-CEPEDA (1) | § | NO. 4:14-CR-0151-Y |
| JESUS GERARDO LEDEZMA-CAMPANO (2) | § | |
| JOSE LUIS CEPEDA-CORTES (3) | § | |

## DEFENDANT JOSE LUIS CEPEDA-CORTES'S
## MOTION FOR BILL OF PARTICULARS

The Defendant JOSE LUIS CEPEDA-CORTES files this Motion for Bill of Particulars requesting the following essential information regarding the allegations in the indictment:

I.

The ten page Second Superseding Indictment includes approximately five pages of redactions. The style of the case also contains redactions and these would suggest that three or more unrevealed defendants are now indicted along with the three known defendants. Count 1 (Stalking) and Count 2 (Conspiracy) also have redactions that, based on their context, reasonably suggest three, four or more unidentified defendants are also criminally responsible for the crimes alleged.

The Government has not provided the Defendant any discovery or other notice that identifies the unidentified co-defendants. Without ordering the Government to file a Bill of Particulars this indictment, when viewed in the context of the discovery provided, fails to provide the Defendant with notice of what alleged illegal acts he must defend himself against.

II.

The Supreme Court has held that the Fifth Amendment indictment clause and the Sixth Amendment notice clause, as reflected in Fed.R.Crim.P. 7(c), require that the indictment "sufficiently apprise the defendant of what he must be prepared to meet." *Russell v. United States*, 369 U.S. 749, 763-64 (1962) (quotations and citations omitted). An indictment must do more than repeat the language of a criminal statute; rather, it must inform the defendant what it is that he has in fact done. It has long been recognized that there is an important corollary purpose to be served by the requirement that an indictment set out "the specific offence, coming under the general description," with which the defendant is charged. This purpose, as defined in *United States v. Cruikshank*, 92 U. S. 542, 92 U. S. 558 (1875), is to inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction, if one should be had.

Fed. R. Crim. P. 7(c)(1) provides that an indictment shall contain a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(f) gives the Court discretion to direct the filing of a bill of particulars in that regard. *United States v. Ramirez*, 54 F. Supp. 2d 25, 29 (D.D.C. 1999). Courts should grant a motion for a bill of particulars when "'necessary to prevent unfair surprise at trial'" and the Court must strike a "'prudent balance' between the legitimate interests of the government and those of the defendants." *Id. (citing United States v. Butler*, 822 F.2d 1191, 1192-93 (D.C. Cir. 1987) (additional citations omitted)). A bill of particulars "properly includes clarification of the indictment[.]" Ramirez, 54 F.Supp. 2d at 30.

**DEFENDANT CEPEDA-CORTES'S BILL OF PARTICULARS** – Page 2

III.

The indictment is defective with regard to Count One alleging Stalking. The allegations fail to provide the Defendant with notice of the specific acts he (or a named or redacted co-defendant for whom he is legally responsible) committed that placed J.J.G.C. in reasonable fear of death or serious bodily injury.

The indictment is defective with regard to the Conspiracy charged in Count Two. The allegations fail to provide the Defendant with notice of the specific particular manner and means by which this "conspiracy" was supposed to operate, fails to identify any specific act supposedly taken in furtherance of the conspiracy, or of the respective roles of the alleged co-conspirators as well as the redacted co-conspirators.

IV.

The Defendant requests the Court to direct the Government to file a bill of particulars identifying the following with respect to Count One:

The specific acts he (or a named or redacted co-defendant for whom he is legally responsible) committed that placed J.J.G.C. in reasonable fear of death or serious bodily injury; the name of the person committing such acts; and the date and location of the commission of such acts as near as practicable.

The Defendant requests that the Court direct the filing of a bill of particulars identifying the following information with respect to Count Two:

All overt acts (including dates, locations and participants) allegedly committed in furtherance of the alleged conspiratorial agreement. This information is necessary for the Defendant to prepare for trial and gain an understanding of the scope of the alleged conspiracy.

If the Court is not inclined to grant this request in full, the Defendant asks that it be granted to the extent that he is alleged to have participated in the overt act. *See Ramirez,* 54 F. Supp. 2d at 30 (requiring disclosure of overt acts in which any defendant participated "so that each defendant may understand the government's view of his alleged role in the conspiracy").

## CONCLUSION

WHEREFORE, the Defendant respectfully prays that this Court order the Government to file a Bill of Particulars to address the foregoing inadequacies of the indictment.

Respectfully submitted,

_____
J. STEPHEN COOPER

    4711 Gaston Avenue
    Dallas, TX 75246
    214-522-0670
    FAX 1-866-840-3860
    SBN 04780100
    jstephencooper@yahoo.com

Counsel for Defendant

## CERTIFICATE OF CONFERENCE

The undersigned states that on March 14, 2016, he attempted to conferred with AUSA Aisha Saleem via email but received no response.

_____
J. STEPHEN COOPER

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served by ECF upon all counsel of record for all parties on this the 14th day of March, 2016.

_____
J. STEPHEN COOPER