IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 4:14-CR-151-Y |
| JESUS GERARDO LEDEZMA-CEPEDA, et al | |

GOVERNMENT'S MEMORANDUM OF LAW REGARDING
ADMISSIBILITY OF VICTIM'S STATEMENTS RELATING TO STATE OF MIND

The United States Attorney for the Northern District of Texas, hereby gives notice of its intent to introduce otherwise inadmissible hearsay statements made by the victim prior to his death. One of the elements the government will have to prove in order to convict the defendants of interstate stalking is that the actions of the defendants would have placed a reasonable person in fear. To establish this element, the government must prove that as a result of the defendant's (or someone he/she aided and abetted) conduct during or after the travel in interstate commerce, an ordinary and reasonable person in the victim's position would have been in fear of death or serious bodily injury, so that the victim suffered substantial emotional distress as a result of the conduct of defendant or someone he aided and abetted. The government will be offering these statements to show the victim's fear prior to his murder.

The statements are admissible pursuant to F.R.E. 803(3) and 803(2).

**Government's Memorandum of Law Regarding Admissibility of Victim's Statements Relating to State of Mind - Page 1**

## I.   Chapa's Fearful Statements

### A.   Then Existing State of Mind

The government will seek to introduce several statements made by the victim following phone calls in which he received word that he was being stalked and that he needed to be on his guard. Following the phone calls, the victim made statements to others that indicated his fear.

Federal Rule of Evidence 803(3) can be used to show the declarant's "then existing state of mind or emotion, but expressly excludes from the operation of the rule a statement of belief to prove the fact believed." *United States v. Cohen*, 631 F.2d 1223, 1225 (5th Cir. 1980). This means that a witness cannot "relate any of the declarant's statements as to why he held the particular state of mind, or what he might have believed that would have induced the state of mind." *Id.* Where a statement involves a declarant's state of mind, "a limiting instruction is always necessary to ensure that such factual matters are to be considered solely on the issue of the declarant's mental state and not for the truth of the matters contained therein." *United States v. Brown*, 490 F.2d 758, 763 (D.C. Cir. 1973). However, "before a statement, otherwise hearsay, can be admitted under 803(3) to show the declarant's then existing state of mind, the declarant's state of mind must be a relevant issue in the case." *Rock v. Huffco Gas & Oil Co.*, 922 F.2d 272, 279 (5th Cir.1991) (quoting *Prather v. Prather,* 650 F.2d 88, 90 (5th Cir. 1981).

In *United States v. Harris* the defense proffered that a witness would testify to the fact that the defendant stated that "the Government and people were after him and trying to set him up."  733 F.2d 994, 1004 (2d Cir. 1984).   The evidence should have been admitted as a statement of the declarant's then existing state of mind.  *Id.* The statements were not offered for the truth, but as evidence of the defendant's state of mind.  *Id.*

In this case, Chapa received calls from others to warn him that he was in danger, because he had been found by people who wanted to kill him.   Immediately after hanging up the phone, he informed his wife he was scared.   He also told her he didn't want to go back to the house.   He stated that the individuals looking for him knew where they lived.  He instructed her to stop using the cell phones they had.    This evidence should be admitted under Federal Rule of Evidence 803(3).   It would not be offered to show the truth of the fact that people were after him, but it would be used to show the victim believed he was in danger.   Similar to *Harris*, this is a proper use of the state of mind exception to the hearsay rule.

From *United States v. Theall*, No. 6:09-CR-00122, 2010 WL 4627646, at *3 (W.D. La. Nov. 3, 2010):

> The Fifth Circuit, as well as other circuits, have accepted that out-of-court statements are admissible, not for their truth, but, rather, as circumstantial evidence of the declarant's state of mind. *See United States v. Webster,* 750 F.2d 307, 330 (5th Cir.1984), *cert. denied,* 471 U.S. 1106 (1985) *citing United States v. Parry,* 649 F.2d 292 (5th Cir.1981), (defendant's statement to witness that an airplane, shown to be stolen at trial, was stored on his property, admissible as circumstantial non-hearsay evidence of state of mind because offered to support inference that "a

man with guilty knowledge is not likely to advertise his possession of stolen property"); *United States v. Brown,* 562 F.2d 1144, 1148 (9th Cir.1977) (defendant's request that witness "[not] hurt him" was non-hearsay; admissible to show defendant's state of mind); *United States v. Leake,* 642 F.2d 715, 720 (4th Cir.1981) (in prosecution involving misappropriation of federal funds, error to exclude defendant's proffered evidence recounting statement made to him where statement served as circumstantial evidence of defendant's state of mind and would have been evidence negating his specific intent to aid and abet illegal payment); *United States v. Harris,* 733 F.2d 994, 1004 (2nd Cir.1984) (statements of defendant to parole officer and attorney admissible as circumstantial evidence of defendant's state of mind—his knowledge of an informants cooperation); *United States v. Gibson,* 675 F.2d 825, 833–34 (6th Cir.1982), *cert. denied,* 459 U.S. 972, 103 S.Ct. 305, 74 L.Ed.2d 285 (1982) (where defendant offered utterance solely for the fact that it was made by a union official and heard by the defendant, witness's account of union official's statement was non-hearsay admissible as "testimony about a circumstantial utterance, which could have been received properly on the issue of [defendant's] belief or state of mind in consequence of the utterance"); *Kos Pharmaceuticals v. Andrix Corp.,* 369 F.3d 700, 719 (3rd Cir.2004) (infringement suit by Advicor against Altocor finding that statement "We have plenty of Advicor" pointing to Altocor samples not hearsay because not submitted for the truth; "indeed, it is their falsity that shows the speaker's confusion."); *United States v. Safavian,* 435 F.Supp.2d 36, 45–46 (D.D.C.2006) (admitting emails to show the defendants state of mind or motive to make false statements or obstruct justice, subject to a limiting instruction that they cannot be used to prove the truth of whether the properties mentioned in the emails were actually available for lease or sale). *See also United States v. Bobo,* 586 F.2d 355, 371–372(5th Cir.1978), *rev. on other grounds, United States v. Singletary,* 683 F.2d 122, 123 fn. 1 (5th Cir.1982) (admitting statement because it revealed state of mind; it indicated concern about informers and tended to prove the existence of conspiracy in that it evidenced a desire for secrecy and a concern that activities might be reported to the police); *United States v. Arteaga,* 117 F.3d 388, 397 (9th Cir.1997) (noting "circumstantial evidence of state of mind" as a category of non-hearsay uses for which out-of-court statements may be considered); *United States v. Moore,* 923 F.2d 910, 916 (1st Cir.1991) *citing* 4 Weinstein & Berger, Weinstein's Evidence § 801(c)[01] (noting that the although the declarants denied their guilt to FBI agents, their denial suggested that they were guilty, and, as such, the statements were not hearsay, but "at worst, 'verbal conduct which is assertive but offered as a basis for inferring something other than the matter asserted', conduct which is 'excluded from the definition of hearsay by the language' in Fed.R.Evid. 801(c), which requires that the statement be offered to prove the 'truth of the matter asserted.' ").

Further, this evidence is extremely relevant. In order to prove stalking under 18 USC § 2261A, it is required that the victim is placed "in reasonable fear of death . . . or serious bodily injury." 18 U.S.C. § 2261A(1)(A)(i). This testimony would go to an essential element of the crime. Since Chapa is no longer living, his statements to his wife that he was fearful is the best evidence available. The evidence, therefore, should be admitted.

B. **Excited Utterance**

In the alternative, the evidence of Chapa's statements relating to his fear should be admitted as excited utterances under Federal Rule of Evidence 803(2). In order to qualify as an excited utterance, the prosecution must show: "(1) a startling event or condition occurred; (2) the statement was made while the declarant was under the stress of excitement caused by the event or condition; and (3) the statement relates to the startling event or condition." *United States v. Moore*, 791 F.2d 566, 570 (7th Cir. 1986). In *United States v. Hartmann*, the victim overheard his wife and her lover plotting his death. 958 F.2d 774, 784 (7th Cir. 1992). Hearing the plot was considered a startling event, the statements were made while still under the stress of hearing such information, and the statements related directly to what was overheard. *Id.* The victim's statement, that he believed his wife and her lover were planning to kill him, was properly admitted as an excited utterance. *Id.*

In this case, Chapa was startled when he heard he had been found. He made the statement to his wife immediately after he hung up the phone with the agents, and the statement that he was afraid and did not want to go home relates directly to the information provided. The statement that he was afraid and did not want to go home, should be admitted as an excited utterance. Similar to *Moore*, Chapa believed that his life was in danger, and he communicated that to his wife.

The evidence, therefore, should be admitted as an excited utterance under Federal Rule of Evidence 803(2).

        Respectfully submitted,

        JOHN R. PARKER
        UNITED STATES ATTORNEY

        *s/ Joshua T. Burgess*
        JOSHUA T. BURGESS
        Assistant United States Attorney
        State Bar No. 24001809
        Burnett Plaza, Suite 1700
        801 Cherry Street, Unit #4
        Fort Worth, Texas 76102
        Telephone:   817-252-5200
        Facsimile:   817-252-5455

## CERTIFICATE OF CONFERENCE

I hereby certify that on March 10, 2016, the undersigned conferred with: Steve Gordon, Warren St. John and Robert Rogers, attorneys of records concerning the above motion, the grounds thereof and the relief sought. Steve Gordon, attorney for Ledezma-Campano (02) advised on behalf of his client that the request is unopposed. J Warren St. John and Wes Ball, attorneys for defendant Ledezma-Cepeda (01) take no position on the motion and Robert Rogers, attorney for Cepeda-Cortes (03), advised on behalf of his client that the request is opposed.

*s/ Joshua T. Burgess*
JOSHUA T. BURGESS
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2016, I electronically filed the foregoing document with the clerk for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who has consented in writing to accept this Notice as service of this document by electronic means.

*s/ Joshua T. Burgess*
JOSHUA T. BURGESS
Assistant United States Attorney