# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 4:14-CR-151-Y |
| JESUS GERARDO LEDEZMA-CEPEDA, et al | |

## GOVERNMENT'S MOTION TO SUPPRESS CO-DEFENDANT EXCULPATORY POST-ARREST STATEMENTS

The United States Attorney for the Northern District of Texas, files this Motion to Suppress to prevent the defendant from presenting evidence that co-defendants Jesus Gerardo Ledezma-Cepeda and Jesus Gerardo Ledezma-Campano made statements indicating Cepeda-Cortes did not know the purpose of the alleged conspiracy.

The Federal Rules of Evidence allow for a narrow exception to the hearsay rule for statements against the declarant's penal interest; however, to be admissible, such a declaration must meet the following three-part test: (1) The declarant must be unavailable; (2) The statement must so far tend to subject the declarant to criminal liability that a reasonable person in his position would not have made the statement unless he believed it to be true; and (3) The statement must be corroborated by circumstances clearly indicating its trustworthiness. Fed. R. Evid. 804(b)(3); *United States v. Sarmiento–Perez,* 633 F.2d 1100 (5th Cir. Jan. 1981).

During the course of his initial post-arrest interview, Ledezma-Cepeda made statements that both Ledezma-Campano and Cepeda-Cortes were not involved in the conspiracy and they didn't know the object of the conspiracy. At around the same time these statements were being made, Ledezma-Campano confessed to knowing the purpose of the conspiracy and of his role in effectuating it. Cepeda-Cortes denies knowing the purpose of the conspiracy.

SA Bodie interviewed Ledezma-Cepeda following his arrest and the government anticipates the defense may seek to ask her questions regarding the exculpatory statements made by Ledezma-Cepeda.

## Discussion

In order for an out-of-court-statement to be admissible under the Federal Rules of Evidence, the statement must fall under one of the hearsay exceptions. Rule 804(b)(3) creates a limited exception to the hearsay rule for statements against the declarant's penal interest if the statement meets the previously mentioned three-part test. However, in *Sarmiento–Perez* the court held "a clear distinction must be drawn between statements against penal interest that are offered to exculpate a criminal defendant, as against those that are offered to inculpate him." *Sarmiento–Perez*, at 1100.

The Court went on to explain the importance of such a demarcation in that "inculpatory statements implicate the confrontation rights of the accused whereas exculpatory statements do not." *Id.* at 1100.

The consequence of this demarcation is that the against declarant penal interest statements regarding exculpatory statements are not as strictly scrutinized as inculpatory statements when deciding whether the hearsay statement was truly against declarant's interest, and thus tend to be more readily admissible than inculpatory statements. *Id.* at 1102. Here, the court need not address the first two prongs of the test, because the third prong of the test, the trustworthiness requirement, is not met in that there is little corroborating evidence to clearly indicate the trustworthiness of Ledezma-Cepeda's statements.

In *United States v. Dean*, 59 F.3d 1479, 1493 (5th Cir. 1995), the Court held that because the exculpatory statements made by codefendants did not implicate confrontation rights under the 6th amendment confrontation clause, the court correctly examined the statements for trustworthiness without more seriously scrutinizing the statements for admissibility under the first two prongs of the 804(b)(3) exception. *Id.* at 1493. In that case, the court refused to allow into evidence a statement made by codefendant Smith that three of his codefendants did not know that there would be a drug exchange at the motel room at which all defendants were gathering. *Id.* At trial, Smith, declarant, objected to the admissibility of the statements and the court excluded the statements upon finding that the corroborating circumstance did not clearly indicate the trustworthiness of the statements and, in fact, found to the contrary. *Id.* at 1494.

Moreover, the *Dean* court expanded on its decision to deny admissibility of the exculpatory statements in that the allegedly innocent codefendants did not offer additional evidence of their innocence aside from Smith's exculpatory statement. *Id.* at 1493.

**Government's Motion to Suppress to Exclude Co-Defendant Exculpatory Post-Arrest Statements - Page 3**

The Court held that Smith's guilt alone was not enough to preclude the codefendants' guilt, although the codefendants argued to the contrary. *Id.* The Court also held that the evidence that the codefendants did indeed have knowledge about the drug deal was "strong." *Id.* There was strong evidence that the defendants helped negotiate the drug transactions in that they had much association with the other charged coconspirators and went to the motel room or "delivery site" in order to act as security for the drug exchange. *Id.* at 1488.

*Dean* further explained that Smith, declarant's, exculpatory statement failed to be corroborated by circumstances in that Smith's statement was soon found to contain several false statements, thus casting further doubt on the trustworthiness of his statement. *Id.* at 1493. In sum, the Court held the exculpatory statement inadmissible "given the evidence of [codefendants'] involvement in the conspiracy and the questionable nature of the other statements Smith made during his plea negotiations…" *United States v. Dean*, 59 F.3d 1479, 1494 (5th Cir. 1995).

Here, the exculpatory statements by Ledezma-Cepeda lack trustworthiness. Following the reasoning of the Court in *United States v. Dean*, 59 F.3d 1479 (5th Cir. 1995), the court should look for the corroborating circumstances that clearly indicate the trustworthiness of the statements, per the third prong of the exception in *Dean.* Like the *Dean* codefendants' claim of unawareness, Cepeda-Cortes claims he was unaware of the actual intentions of the other codefendants to find and kill Chapa.

However, similar to the circumstances in *Dean* where there was strong evidence that the codefendants had extensive assistance in the transaction of the crime and thus were held to have knowingly participated, the circumstances here show Cepeda-Cortes as being heavily involved in the transactions leading up to the commission of the crime. Cepeda-Cortes admittedly helped to locate the victim and worked alongside codefendants to do so, just as the codefendants in *Dean* conferred with and acted as lookout for codefendant Smith. Multiple statements made in Cepeda-Cortes' post-arrest interview are demonstrably false, including how often he was in north Texas and when he terminated his involvement in the conspiracy.

In sum, should the defendant desire to introduce evidence that he was unaware of the purpose of the conspiracy, he may testify to that fact. However, he may not seek to introduce such evidence through hearsay statements of co-defendants, statements the government is unable to cross-examine.

**The exculpatory statements are inadmissible because they are collateral statements**

In *Williamson v. United States*, the Supreme Court ruled that a court must review each individual statement within a larger narrative and admit only those statements under 804(b)(3) that are self-inculpatory standing alone. 512 U.S. 594, 600-01 (1994). It based this decision on the general premise that it is easier for declarants to make a narrative as a whole more credible by mixing true self-inculpatory statements and self-serving false statements together. *Id.* at 599-600.

In doing so, the Court adopted a narrow reading of the statement against penal interest exception to the rule against hearsay by defining a statement as a "single declaration or remark."  *Id.*  at 599 (quoting Webster's Third New International Dictionary 2229, defn 2(a) (1961)).  Adhering to the most faithful reading of Rule 804(b)(3), the Court did "not allow admission of non-self-inculpatory statements," labelling them "collateral statements."  *Id*. at 600.  The Court reasoned, "the fact that a statement is self-inculpatory *does* make it more reliable; but the fact that a statement is collateral to a self-inculpatory statement says nothing at all about the collateral statement's reliability."  *Id.* (emphasis added).  This is because "[o]ne of the most effective ways to lie is to mix falsehood with truth, especially truth that seems particularly persuasive because of its self-inculpatory nature."  *Id*. at 600-01.

In this case, the declarant's exculpatory remarks regarding the defendant are the definition of "collateral statements."  To hold a statement that tends to exculpate a co-defendant to be self-inculpatory is tenuous at best.  It may lead to the inference that the declarant has first-hand knowledge of the crime or act, lending some credibility to statements about the involvement of others, but it does not rise to the level of a self-inculpatory statement.  It is much more like the self-serving false statement that is readily accepted as truth because it appears alongside persuasive self-inculpatory remarks.  The statements are self-serving for the same reasons that they are unreliable: there is motive to misrepresent the matter out of loyalty or the desire for the exculpated defendant to carry on the criminal enterprise.

**Government's Motion to Suppress to Exclude Co-Defendant Exculpatory Post-Arrest Statements - Page 6**

Further, the exculpatory remarks are not self-inculpatory standing alone. They provide nothing more than a weak inference of self-inculpation, they are the same as those the court defined as "collateral statements" in *Williamson*, and should be suppressed.

Respectfully submitted,

JOHN R. PARKER
UNITED STATES ATTORNEY


*s/ Joshua T. Burgess*
JOSHUA T. BURGESS
Assistant United States Attorney
State Bar No. 24001809
Burnett Plaza, Suite 1700
801 Cherry Street, Unit #4
Fort Worth, Texas 76102
Telephone:  817-252-5200
Facsimile:  817-252-5455

## CERTIFICATE OF CONFERENCE

I hereby certify that on March 10, 2016, the undersigned conferred with:  Steve Gordon, Warren St. John, Wes Ball and Robert Rogers, attorneys of records concerning the above motion, the grounds thereof and the relief sought.   Steve Gordon, attorney for Ledezma-Campano (02) advised on behalf of his client that the request is unopposed.   J Warren St. John and Wes Ball, attorneys for defendant Ledezma-Cepeda (01) take no position on the motion and Robert Rogers, attorney for defendant Jose Cepeda-Cortes (03), advised on behalf of his client that the request is opposed.

*s/ Joshua T. Burgess*
JOSHUA T. BURGESS
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2016, I electronically filed the foregoing document with the clerk for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who has consented in writing to accept this Notice as service of this document by electronic means.

*s/ Joshua T. Burgess*
JOSHUA T. BURGESS
Assistant United States Attorney