**FILED**

**April 01, 2016**

KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

---

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | NO. 4:14-CR-0151-Y-3 |
| | § | |
| JOSE LUIS CEPEDA-CORTES (3) | § | |

---

### DEFENDANT CEPEDA-CORTES FIRST AMENDED MOTION AND MEMORANDUM FOR SEVERANCE
(Filed under Seal)

---

TO THE HONORABLE JUDGE OF SAID COURT:

Comes Now the Defendant, JOSE LUIS CEPEDA-CORTES, who respectfully requests the Court pursuant to Fed. R. Crim. P. 14(a) to sever the trial of Defendant CEPEDA-CORTES from that of his codefendants and in support thereof would show the Court as follows:

I.

The Government has given notice that it intends to introduce evidence at the trial of Defendant CEPEDA-CORTES of a total of nine murders pursuant to Rule 404(b) of the Federal Rules of Evidence.[1] (doc. 181). Of these nine extrinsic offenses, the Government only mentions the defendant in one in which it states:

> 3. On May 17, 2012, Ledezma-Cepeda had an email with the name of Eliseo Martinez Elizondo. During the course of the conspiracy, Ledezma-Cepeda,

---

[1] The Government states that the offenses are intrinsic to the offense, but that the 404(b) notice is in the "interest of caution". This Motion is presented in the same vein since, if the evidence of the eight murders is extrinsic and attributed only to the codefendants; it would not be admissible at the trial of Defendant CEPEDA-CORTES.

**Cepeda Cortes First Amended Motion For Severance**
**Page 1**

Ledezma-Campano and Cepeda-Cortes tracked Elizondo with a tracking device used in the tracking of J.J.G.C. Elizondo was murdered on April 26, 2013.

Further, it is expected that the evidence of these eight extrinsic murders will link the codefendants to a drug cartel. Defendant CEPEDA-CORTES requests the Court to sever his trial from that of his codefendants to avoid the serious risk that either the jury will let the evidence of these other eight murders spillover into its consideration of the evidence against Defendant CEPEDA-CORTES in violation of the Court's instructions or that the admission of this evidence will prevent the jury from making a reliable judgment about guilt or innocence.

II

Defendant CEPEDA-CORTES has a specific trial right that the jury weigh only the evidence against him in determining his guilt. Evidence of eight additional murders against his codefendants creates the serious risk that the jury will be unable to differentiate amongst the evidence in each of these eight murders alleged against his codefendants such that it will spillover into their deliberation on the one murder in which all three codefendants are alleged to have participated and the murder alleged in the charged offenses. The jury will have to maintain the distinction between extrinsic evidence admitted to show the guilt of the codefendants verses extrinsic evidence to show the guilt of the Defendant CEPEDA-CORTES. The volume of evidence in this trial is expected to be enormous since the Government has indicated the trial will take more than a month. Presumably, much of this evidence will include presenting to the jury in its most persuasive light the evidence of these eight murders. The evidence of the eight extrinsic murders attributed to the codefendants span at least five years. Evidence of so

many violent offenses, presented over such a long period of time, amongst such a large volume evidence creates a a serious risk of a "spillover effect" that will deny the a specific trial right of Defendant CEPEDA-CORTES that the jury weigh only the evidence against him in determining his guilt.

### III.

Evidence of eight murders extrinsic to the offense charged and yet not admissible against the Defendant CEPEDA-CORTES creates the serious risk that may prevent the jury from making a reliable judgment about guilt or innocence. Murder evidence is inherently violent and emotional. Evidence linking the codefendants to a cartel not only accentuates the murder evidence, but communicates a fear that the mere incarceration of the codefendants will not end the murders, particularly in light of the February 23, 2016 murder noticed by the Government in paragraph 11. (doc. 181) Evidence of eight extrinsic cartel murders will inflame the minds of the jury and prevent them from reaching a reliable judgment about guilt innocence.

### IV.

The preference is for joint trials of jointly-indicted defendants, particularly where the defendants are alleged to have been involved in a conspiracy or a common plan or scheme. See *Zafiro v. United States*, 506 U.S. 534, 537 (1992); *United States v. Fields*, 72 F.3d 1200 (5th Cir. 1996). The standard for the decision as to whether to grant a severance is committed to the trial court's sound discretion. *Id.* The "less drastic" remedy of a limiting instruction is to be preferred over a severance. Notwithstanding such preference, Fed. R. Crim. P. 14(a) provides that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to

**Cepeda Cortes First Amended Motion For Severance**
**Page 3**

prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." (emphasis added). *Zafiro* teaches that "when defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." 506 U.S. at 539 (emphasis added). Further, the Fifth Circuit has provided that discretionary severance under Rule 14 may be granted when the defendant shows "clear prejudice." *United States v. Welch*, 656 F.2d 1039, 1053 (5th Cir. 1981)

The Fifth Circuit provides some precedent for severances in similar situations. In *United States v. McRae*, 702 F.3d 806 (5 Cir.2012), the Fifth Circuit held that a police officer who shot and killed an individual should have been severed from the other two officers who burned the body and fabricated a cover-up police report. Although the officer was the shooter, it was not alleged that he played any role in the crimes of his co-defendants. The Court found that, if he had been tried alone, the trial would have lasted three days. Instead, he was subjected to a month-long trial in which inflammatory evidence was introduced about the burning of Glover's body and the attempt by fellow officers to hide their crimes by falsifying a police report. The Court concluded, "We do not fault the district court for declining to sever Warren's case before trial, but as the trial progressed, however, and the evidence and testimony presented became irrelevant and unusable against Warren, and increasingly inflammatory to him, we are of the belief that limiting instructions could not mitigate the prejudice." Id. at 828.

In *United States v. Cortinas*, 142 F.3d 242 (5 Cir.1998), twenty-eight members of a drug smuggling organization were indicted for conspiracy with intent to distribute marijuana, along with various other substantive offenses. Before the trial, four defendants filed motions to sever on the ground that trial evidence related to the actions of a motorcycle gang was highly prejudicial and irrelevant to their cases. Much of the evidence presented at trial focused on the violent and criminal nature of the motorcycle gang who collected debts for the drug organization, including a specific incident in which the gang "shot up" a delinquent customer's house, killing a fourteen year old boy. The Court reasoned that the two defendants who were not associated with the motorcycle gang and whose involvement with the drug conspiracy ended before the motorcycle gang was employed should have been severed from the trial. The Court concluded that "[l]imiting instructions given by the trial judge were inadequate to mitigate the prejudicial effect of the overwhelming testimony regarding the violent, criminal activities of the [motorcycle gang]." Id. at 248.   Similarly the presentation of eight extrinsic murders linking the codefendants to the violent and criminal nature of cartels carries the same risk of spilling over to Defendant CEPEDA-CORTES  as that in *Cortinas*  and *McCrae*.

WHEREFORE, PREMISES CONSIDERED, Defendant, CEPEDA-CORTES respectfully prays that this  Court sever the Defendant.

Respectfully submitted,

 /s/ Robert H. Rogers
ROBERT H. ROGERS
4711 Gaston Ave.
Dallas, Texas 75246
Phone: (214) 828-4578

**Cepeda Cortes First Amended Motion For Severance**
**Page 5**

                                                    Fax: (877) 202-2805
                                                    SBN 17186225

                                  ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I, ROBERT H. ROGERS, do hereby certify that on the day this motion was filed, a true and correct copy of the above instrument has been emailed by ECF to all counsel of record.

## CERTIFICATE OF CONFERENCE

The undersigned states that on March 24, 2016 he conferred with AUSA Joshua Burgess by email and he is opposed to this motion.

                                              /s/ Robert H. Rogers
                                              ROBERT H. ROGERS